F. M. RICE, Defendant in Error, v. JOHN WADE, Plaintiff in Error.

Kansas City Court of Appeals, June 8, 1908.

1. **TRIAL AND APPELLATE PRACTICE: Court's Finding of Facts: Special Verdict: Use of Land: License.** The finding of facts by the court stands as a finding by a jury and it is not the province of the appellate court to disturb it when supported by evidence, and so this court is bound by the finding of the trial court that a certain use of another's land is permissive.

2. **EASEMENT: Private Way: Evidence: Definition.** A private way is a right over or under another's tenements which belongs to and is for the use of individuals or distinct from a way that is used by the general public.

3. ——: ——: **Prescription: Definition.** Prescription is title acquired by use and time and requires three things to be valid, use and occupation, identity of the thing enjoyed and adversary to the rights of other persons for the limitation period.

4. ——: ——: ——: **Evidence.** On a review of the evidence it is held sufficient to support the finding of the trial court that defendant had no easement for a private way over plaintiff's land and its use was permissive.

Error to Boone Circuit Court.—*Hon. Alexander H. Waller*, Judge.

AFFIRMED.

*Gillespy & Conley* and *Webster Gordon* for plaintiff in error.

(1) Ways of necessity arise where the owner of a large tract sells off a tract isolated from a road, in which case as appurtenant to the tract sold there passes the right to pass over other land of the grantor in order to pass in or out of the premises sold. This right still maintains even while the tract sold is patented by the government itself. Snyder v. Thomas, 11 Mo. 513. (2) This right is one recognized by the common law. It is an implication from the grant, and it exists even where there are statutes setting out how the exact limits of the way, may be set out and determined. Collins v. Prentice, 15 Conn. 39; Snyder v. Warfield, 11 Mo. 514; 23 Enc. of Law (2 Ed.), p. 15; Blum v. Weston, 102 Cal. 362; Pernum v. Weed, 2 Mass. 203; Smith v. Todd, 41 Me. 314; Rowell v. Doggett, 143 Mass. 483; Gillespie v. Weinberg, 148 N. Y. 238. (3) The person whose tenement is subject to a way by necessity has the right to designate a course therefor. But if he does not exercise this right, the way may be located by the owner of the land to which the way is appurtenant. Blum v. Weston, supra; Richey v. Welsh, 149 Ind. 214; Oliver v. Hook, 47 Md. 301; Nichols v. Tuce, 24 Pick. 102; Powers v. Henlow, 53 Mich. 507; Palmer

v. Palmer, 150 N. Y. 139. The road may also be changed by the parties. Wharton v. Harrison, 101 Ala. 554; Nichols v. Peck, 70 Conn. 439; Green v. Goff, 153 Ill. 534; Smith v. Lee, 14 Gray 473. An agreement to change need not be in writing but may be inferred from the words or conduct of the parties. Smith v. Lee, supra; Smith v. Barnes, 101 Mass. 275; Lanton v. Tison, 12 Rich. L. (S. C.) 88; Rumill v. Robbins, 77 Me. 193. And the substitution of a new way entitles the owner to the same rights he had in the old one. Hamilton v. White, 5 N. Y. 9; Bangs v. Parker, 71 Me. 458; Atwater v. Bodfish, 11 Gray 150; Beinlein v. Johns, 102 Ky. 570. (4) The evidence fails to show that defendant was guilty of the statutory trespass charged. The statute imposes not only a civil liability but a penalty as well for certain enumerated acts therein set forth. It is not sufficient to bring him within the statute for him to have opened the gate, he must also have left it open. Donivan v. Sallee, 19 Mo. App. 593; State v. Grubb, 71 Mo. App. 214.

*W. H. Rothwell* for defendant in error.

(1) Counsel for defendant would have the court believe that only one way existed by which defendant could leave his place. (2) Counsel for defense are right in their contention that the gate must have been opened and left open by defendant. The court, sitting as a jury, so found and the evidence certainly sustained it beyond all doubt and I take it that the finding of the trial judge will be sufficient for this court.

BROADDUS, P. J.—This was an action for trespass begun in a justice's court. There were two causes of action set out in the statement. One for malicious trespass based on section 4573, Revised Statutes 1899, and one for common law trespass. The court found against plaintiff on the first. The parties do not differ

about the testimony, and plaintiff admits that defendant's propositions of law are correct, but denies that defendant has properly interpreted the first and that the second has no application to the issues.

The cause was tried by the court sitting as a jury and at the request of the defendant made a special finding of the facts, which was as follows: "On the second count the court sitting as a jury finds, from the evidence that on the 12th day of August, 1905, the plaintiff was the owner of and lawfully in possession of the real estate described in plaintiff's petition, and that defendant was at said time, in possession of the tract of land adjoining that of plaintiff on the west, and that there was a partition fence, between the lands of plaintiff and defendant. This court further finds that on said 12th day of August, 1905, the defendant, John Wade, did wrongfully and violently, against the consent of plaintiff, drive his wagon and team, through the plaintiff's said premises; that, that part of plaintiff's said premises through which defendant so drove his said wagon and team, was enclosed pasture lands, which defendant entered forcibly, wrongfully and voluntarily, by means of tearing the gate, opening into said enclosure, off its hinges, and driving his said team through said gate, and through said premises; and the court further finds that defendant left said gate open. The court further finds that the plaintiff sustained nominal damage by reason of said trespass.

"The court sitting as a jury, further finds that the gateway or road mentioned and described in defendant's answer was constructed and first used within ten years prior to June 1, 1905, and that neither the defendant or the public have acquired a right of easement therein either by purchase, dedication, user, adverse possession or otherwise, and that the use thereof by defendant has been permissive."

The witnesses who testified in the case differ as to

how long there had been a passway over plaintiff's land as it now stands. Witnesses who knew the land many years ago testify that at one time before the lands were fenced there was a passway over it, but that it has changed at different times. Some of the witnesses testified that it has been in the same location as it is in now for ten or twelve years, but others that it had not, but had been changed in the last six or eight years. There certainly was evidence tending to show that there had been no regular passway over plaintiff's land at the place in controversy for more than six or eight years. And one witness who had lived on the land for twenty years before plaintiff moved onto it, said that defendant himself changed the way while she lived there about six years prior to the trial.

The finding of the court is to be regarded in the same light as a finding by a jury and it is not the province of this court to disturb such finding when it is supported by evidence. The finding of the court that passage over plaintiff's land was merely permission is conclusive of that question.

The question then remains whether the defendant had a right of way over plaintiff's land because of the law of necessity, as stated in an opinion by NAPTON, J., in Snyder v. Warford & Thomas, 11 Mo. 513. The doctrine we understand applies in instances where the owner's land is entirely surrounded by that of his neighbors so that he can have no way to go off his own land without passing over that of his neighbor's. But such is not the kind of way in controversy as the defendant had another passage to and from his land. In this case the way was used by the public at large and not by the defendant principally and does not therefore come under the denomination of private way and is not governed by the law pertaining to such ways. "A private way is a right over or under another person's tenement, which belongs to and is for the use of indi-

viduals, one or more, as distinct from a way that is used by the public in general, and such a way is an easement." [23 Am. & Eng. Ency., p. 3.] This definition is sustained by all the authorities we have examined. And it does not need precedents to substantiate its correctness for it could not from the very nature of the thing be otherwise.

The defendant's case depends upon prescription. Prescription is a title acquired by use and time and allowed by law. Three things are necessary to establish a right by prescription; use and occupation or enjoyment; the identity of the thing enjoyed; and that it should be adverse to the rights of some other person. [6 Words & Phrases, 5521.] It is held that the right by prescription depends on adverse use for the limitation period. [Power v. Dean, 112 Mo. App. 288.] "By a prescription a grant is implied, and the modern doctrine is an user and enjoyment for the statutory period, instead of immemorially." [House v. Montgomery, 19 Mo. App. 170.]

The most of the defendant's arguments and the authorities he cites, relate to instances of ways appurtenant to estates which go with the land, but such are foreign to the question in this case, for defendant's right would rest if he had any, by prescription alone. We believe the evidence justified the court in its conclusion that the right of passage of plaintiff's land was permission or a mere license and revocable at his pleasure.

Affirmed.   All concur.